UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KENNETH FELDER, )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>UNITED STEEL WORKERS UNION )<br>LOCAL 1066, )<br>      Defendant. ) | CAUSE NO.: 2:17-CV-122-JVB-JEM |

## OPINION AND ORDER

This matter is before the Court on a Motion of Defendant United Steelworkers Local 1066 to Dismiss Plaintiff's Amended Complaint [DE 37] filed on April 10, 2020. Plaintiff Kenneth Felder, who is litigating *pro se*, did not file a response.

### BACKGROUND

This case is currently pending on Felder's Amended Complaint. The Court dismissed his original complaint as to two other defendants due to *res judicata* and as to United Steelworkers Local 1066 for failure to make allegations from which the Court can infer that the union is liable for Felder's alleged injuries.

In the Amended Complaint, Felder alleges that the following occurred in 1978. He complained to his local union about not receiving promotions and not being assigned a regular job with a job classification. He filed a grievance with the union under a seniority system agreement in place at the time, which called for break-in or training and placement. For each of the three or four times that his supervisor disciplined him, Felder complained to the union grievance committeeman, but the committeeman failed to act or refused Felder's attempts to file grievances under the collective bargaining agreement. The union escalated Felder's problems with his employer by not stepping in. Because the union did not file the grievance complaint, Felder was

fired. The union failed to pursue or file grievances for Felder's complaints of employment discrimination and brokered an agreement for Felder to "quit" without Felder's knowledge or participation. The union asked Felder to resign and take a different position with the employer that was unionized through a different union. Felder quit this other position due to its hazardous nature with no representation from his union, the management's physical threat to his health, and the unjust suspensions Felder received without union representation. Also, Felder was battered with a door by "defendants employee/supervisor."

## ANALYSIS

The union argues that this complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Felder's claims are barred by *res judicata* and by the statute of limitations.

### A. *Res Judicata*

The union argues that Felder's claims are precluded by res judicata (also known as claim preclusion). *Res judicata* bars "parties or their privies from relitigating issues that were or could have been raised in" an action that has concluded with a final judgment on the merits. *Highway J Citizens Group & Waukesha County Envtl. Action League v. U.S. Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). "Claim preclusion has three elements: (1) an identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts)." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011) (*citing U.S. ex rel. Lusby v. Rolls–Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009)). *Res judicata* therefore prevents a plaintiff from using "several theories of recovery as the basis for separate suits." *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008) (quoting *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir. 1988)).

2

As the Court noted in its previous order on motions to dismiss the previous complaint, the union was not a defendant in Felder's previous case (Northern District of Indiana docket number H81-524). In the instant motion to dismiss, the union invokes *res judicata* but makes no argument that the three elements of that doctrine are met. The Court does not find that the union or its privy was a party to Felder's previous case, so the *res judicata* argument fails.

### B. Statute of Limitations

The union next argues that Felder's claims are barred by the statute of limitations. That a case was filed outside of the time allotted by the statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). Plaintiffs, in filing complaints, are not required to anticipate and defend against affirmative defenses that may be brought. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). However, a plaintiff may plead facts that show the claims brought in the complaint to be time-barred.

The union asserts that the statute of limitations periods on Felder's claims have expired. Felder, by failing to file a response, has not rebutted this assertion by arguing that the period should have been tolled or otherwise should not be found expired.

An action by an employee against a union for breach of the duty of fair representation is governed by a six-month limitations period. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151,169-72 (1983). Felder did not bring these claims within the limitations period.

A plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment action, or within 300 days if the plaintiff initially instituted proceedings with the appropriate state or local agency. 42 U.S.C. § 2000e-5(e)(1). Felder filed a complaint of discrimination with the EEOC on June 11, 1980, and Felder received a right-to-sue letter on June 27, 1981. *Felder v. U.S. Steel Corp.*, No. H81-524, ¶ 23 (N.D. Ind. May 17, 1984). The instant case, which was filed on

March 20, 2017, was not brought within 90 days of receiving that letter, as is statutorily required. *See* 42 U.S.C. § 2000e-5(f)(1). Thus, the Title VII claims also must be dismissed for violating the statute of limitations.

Finally, regarding the allegation of battery with a door, an action in Indiana for "injury to person," such as the alleged battery, must be brought within two years of the action accruing. Ind. Code § 34-11-2-4(a)(1). Based on this limitations period, Felder's claim against the union for being battered with a door by the union's employee is time-barred.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion of Defendant United Steelworkers Local 1066 to Dismiss Plaintiff's Amended Complaint [DE 37] and **DISMISSES** the Amended Complaint [DE 33].

SO ORDERED on March 24, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT